UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| SEGUNDO EMILIO RODRIGUEZ,<br><br>                          Plaintiff,<br><br>     v.<br><br>40-66 ITHACA ST. OWNERS CORP., PINNACLE GROUP NY LLC d/b/a THE PINNACLE GROUP, JOEL WIENER, and TAL SHARON,<br><br>                         Defendants. | 1:19-cv-01006-MKB-SMG<br><br><br><br><br><br><br><br><br>**FIRST AMENDED COMPLAINT** |

      Through his attorneys, Eisner & Dictor, P.C., plaintiff Segundo Emilio Rodriguez brings this action pursuant to the Fair Labor Standards Act (FLSA) and New York Labor Law (NYLL) to recover *inter alia* withheld wages from defendants and alleges:

### INTRODUCTION

      1. From about 2011 to on or about May 15, 2016, plaintiff Segundo Emilio Rodriguez was jointly employed by defendants to work as a porter at 40-66 Ithaca Street, Elmhurst, New York 11373 (the "**Premises**"), a 65-unit residential building that at all times relevant was owned by defendant 40-66 Ithaca St. Owners Corp. and managed by defendant Pinnacle Group NY LLC d/b/a The Pinnacle Group. Throughout his employment, Rodriguez worked approximately 35 hours a week, and defendants failed to pay him any wages for any hours he worked. After Rodriguez moved out, defendants discarded his property. Plaintiff seeks to recover unpaid minimum wages, unlawful deductions, statutory penalties for violations of the notice and recordkeeping provisions of the New York Labor Law, and liquidated damages pursuant to the FLSA and NYLL. Rodriguez also brings claims for breach of a bailment or, in the alternative, conversion of chattel.

1

## JURISDICTION & VENUE

2. This Court has jurisdiction over Rodriguez's FLSA claim since it arises under a federal statute.

3. This Court has supplemental jurisdiction over Rodriguez's NYLL and common law claims pursuant to 28 U.S.C. § 1367(a) since the NYLL and common law claims are so related to the FLSA claims that they form part of the same case or controversy under Article III of the United States Constitution.

4. Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391(b) because a substantial part of the events or omissions giving rise to the claim occurred in this judicial district.

## THE PARTIES

5. Plaintiff Segundo Emilio Rodriguez is an adult individual currently residing in New York County, New York.

6. Defendant 40-66 Ithaca St. Owners Corp is an active New York business corporation that owned the Premises at all times relevant and that has its principal office located at 1 Penn Plaza, Suite 4000, New York, New York 10119.  Defendant 40-66 Ithaca St. Owners Corp. employed Rodriguez at all times relevant.

7. Defendant Pinnacle Group NY LLC d/b/a The Pinnacle Group is an active New York limited liability company that managed the Premises at all times relevant and that has its principal office located at 1 Penn Plaza, Suite 4000, New York, New York 10119. Defendant Pinnacle Group NY LLC d/b/a The Pinnacle Group employed Rodriguez at all times relevant.

8. Defendant Joel Wiener is a principal of defendant Pinnacle Group NY LLC d/b/a The Pinnacle Group and the chief executive officer of 40-66 Ithaca St. Owners Corp. Defendant Joel Wiener employed Rodriguez at all times relevant.

9. Defendant Tal Sharon manages the Premises on behalf of defendants 40-66 Ithaca St. Owners Corp. and Pinnacle Group NY LLC d/b/a The Pinnacle Group. At all times relevant, defendant Tal Sharon has been an employee of defendants 40-66 Ithaca St. Owners Corp., Pinnacle Group NY LLC d/b/a The Pinnacle Group, and Joel Wiener. Defendant Tal Sharon employed Rodriguez at all times relevant. On

## STATEMENT OF CLAIMS

10. From about 2011 to on or about May 15, 2016, defendants jointly employed Rodriguez to work as a porter at the Premises, a 65-unit residential building located at 40-66 Ithaca Street in Queens County, New York.

11. Throughout his employment, Rodriguez worked approximately 35 hours each week, or more, performing maintenance tasks at the Premises, seven days a week. Rodriguez's work included cleaning the exterior areas of the Premises, cleaning the interior common areas of the Premises, sorting and removing garbage and recycling of the Premises, removing snow from the Premises, and other maintenance tasks.

12. Throughout Rodriguez's employment with defendants, defendants failed to pay Rodriguez any wages for any hours he worked.

13. Defendants have performed related activities through unified operations or common control since at least 2011 with the common purpose of managing and maintaining the Premises.

14. Since at least 2011, Defendants have constituted an enterprise engaged in commerce, as defined by 29 U.S.C § 203(s)(1), with a gross annual volume of business done of not less than $500,000 and with employees engaged in commerce, as defined by 29 U.S.C. § 203(b). Defendants' employees have engaged in commerce by handling and receiving goods moving in interstate commerce when maintaining and performing repairs to the Premises.

3

15. Rodriguez is a covered employee under the FLSA and is not exempt from the minimum wage and maximum hour requirements under 29 U.S.C. § 213. As an employee of defendants, Rodriguez provided maintenance services to the Premises, including garbage and recycling pickup, sorting, and removal; sweeping and mopping common areas; painting; cleaning the glass at the entrance to the Premises, sweeping and hosing down the curtilage of the Premises, removing snow and salting the front of the Premises, and cleaning the basement.

16. Throughout his employment with defendants, Rodriguez regularly and recurrently handled and worked on goods, as defined by 29 U.S.C. § 203(i), for commerce between New York State and other states. Rodriguez sorted, screened, packed and handled garbage and recycling daily throughout his employment with defendants. On information and belief, this garbage and recycling was then shipped outside New York State for further processing, including production of paper, metal, and plastic recycled products to be used in further commerce between the states.

17. Throughout his employment, defendants failed to pay Rodriguez the minimum wage rate required by the FLSA, 29 U.S.C. § 203, for all hours he worked. In particular, defendants failed to pay Rodriguez any wages for any of the hours he has worked each week.

18. Throughout his employment, defendants willfully failed to pay Rodriguez the minimum wage rate required by NYLL § 652 and 12 NYCRR § 141-1.3.

19. Throughout his employment, defendants failed to provide Rodriguez with wage notices as required by NYLL § 195(1) and 12 NYCRR § 141-2.2.

20. Throughout his employment, defendants failed to provide Rodriguez with any wage statements as required by NYLL § 195(3).

21. As an incident of Rodriguez's employment with defendants, Rodriguez deposited personal property in the basement of the Premises, creating a bailment.

22. Following defendants' termination of Rodriguez's employment, Rodriguez demanded access to the basement to retrieve his personal property but was denied access.

23. Defendants have not otherwise returned his personal property.

24. Rodriguez's personal property that was deposited in the basement and has not been returned to him includes the following: a medium size industrial vacuum cleaner, a 12-step metal ladder, about 25 five-gallon buckets, 3 metal mop/broom sticks, a wooden broom for drying carpet, about 895 spray bottles, 3 hammers, a box of black plastic trash bags, 2 spray bottles of glass window cleaner, a box of 50 white towels, 2 measure tapes, 3 small hand saws, 2 knives for cutting carpet, a box of yellow wipes for dusting/wiping down surfaces, a wood bed frame, two metal bed frames, a metal desk, a metal dining room table, a 2'-tall metal filing cabinet, a Sony Trinitron 33" TV, a Sony stereo, 4 Sony VCRs, 2 VCRs of other brands, about 110 DVD movies, about 15 DVDs of music videos, about 10 VHS movies, about 130 music CDs, about 43 cassette tapes, about 864 magazines of cooking recipes, about 9 cook books, about 68 English books for grades 1 to 12, and 67 other books.

**FIRST CLAIM FOR RELIEF**
**(FLSA, 29 U.S.C. §§ 201** *et seq.***, claim for withheld minimum wages under federal law)**

25. Rodriguez re-alleges and incorporates by reference all preceding paragraphs as if they were set forth fully herein.

26. Throughout the relevant period that Rodriguez worked for the Defendants, Defendants willfully failed to pay Rodriguez the lawful minimum hourly wage for all hours worked in violation of the FLSA, 29 U.S.C. § 206(a).

27. In light of defendants' unlawful failure to pay any wages, Rodriguez seeks and is entitled to recover his unpaid minimum wages, liquidated damages as provided by the FLSA, attorney's fees and costs along with such other relief as this Court deems just and proper.

### SECOND CLAIM FOR RELIEF
**(NYLL §§ 190 *et seq.*, §§ 650 *et seq.*, and 12 NYCRR § 141; claim for withheld minimum wages under New York law)**

28. Rodriguez re-alleges and incorporates by reference all preceding paragraphs as if they were set forth fully herein.

29. Throughout the relevant period that Rodriguez worked for the Defendants, Defendants willfully failed to pay Rodriguez the lawful minimum hourly wage for all hours worked in violation of the New York Labor Law, including but not limited to NYLL § 652 *et. seq.* and its accompanying regulations and orders of the New York State Department of Labor.

30. To the extent Rodriguez is not deemed a janitor, Rodriguez seeks and is entitled to recover his unpaid minimum wages, liquidated damages pursuant to NYLL, attorneys' fees and costs, pre- and post-judgment interest along with such other relief as this Court deems just and proper.

### THIRD CLAIM FOR RELIEF
**(NYLL §§ 190 *et seq.*, §§ 650 *et seq.*, and 12 NYCRR § 141; claim for withheld overtime wages under New York Law**

31. Rodriguez re-alleges and incorporates by reference all preceding paragraphs as if they were set forth fully herein.

32. During the summer of 2012 and the summer of 2013, Rodriguez worked for the Defendants in excess of 40 hours each week, but Defendants failed to pay Rodriguez overtime wages at a rate of one and one-half his regular rate in violation of New York Labor Law, including but not limited to NYLL § 199 and its accompanying regulations and orders of the New York State Department of Labor.

33. To the extent Rodriguez is not deemed a janitor, Rodriguez seeks and is entitled to recover his unpaid overtime wages, liquidated damages pursuant to NYLL, attorneys' fees and

costs, pre- and post-judgment interest along with such other relief as this Court deems just and proper.

## FOURTH CLAIM FOR RELIEF
**(NYLL §§ 190 et seq., NYLL § 193, and 12 NYCRR §§ 195-2, 195-4; claim for prohibited wage deductions by separate transaction under New York law)**

34. Rodriguez re-alleges and incorporates by reference all preceding paragraphs as if they were set forth fully herein.

35. Throughout the relevant period that Rodriguez worked for the Defendants, Defendants willfully deducted from Rodriguez's wages in violation of NYLL by requiring Rodriguez to purchase tools, equipment, and attire for work and to pay fines and penalties by the New York City Department of Buildings.

36. Rodriguez seeks and is entitled to recover the money unlawfully deducted by Defendants, liquidated damages pursuant to NYLL, attorneys' fees and costs, pre- and post-judgment interest along with such other relief as this Court deems just and proper.

## FIFTH CLAIM FOR RELIEF
**(NYLL §§ 190 *et seq.*, §§ 650 *et seq.*, and 12 NYCRR § 141; claim for notice and record-keeping penalties under New York law)**

37. Rodriguez re-alleges and incorporates by reference all preceding paragraphs as if they were set forth fully herein.

38. Throughout the relevant period that Rodriguez worked for the Defendants, Defendants failed to provide Rodriguez with accurate wage statements containing the information outlined in NYLL § 195(3) and 12 NYCRR § 141-2.1, including the rate of pay, basis of pay, gross wages, and any allowances claimed as part of the minimum wage.

39. Rodriguez seeks and is entitled to recover penalties and damages pursuant to NYLL § 198 for defendants' failure to provide wage statements as required by NYLL § 195(3).

## SIXTH CLAIM FOR RELIEF

**(NYLL §§ 190 *et seq.*, §§ 650 *et seq.*, and 12 NYCRR § 141; claim for notice and record-keeping penalties under New York law)**

40. Rodriguez re-alleges and incorporates by reference all preceding paragraphs as if they were set forth fully herein.

41. Throughout the relevant period that Rodriguez worked for the Defendants, Defendants failed to provide Rodriguez with wage notices as required by NYLL § 195(1).

42. Rodriguez seeks and is entitled to recover penalties and damages pursuant to NYLL § 198 for defendants' failure to provide wage notices as required by NYLL § 195(1).

## SEVENTH CLAIM FOR RELIEF
**(Common law claim for breach of bailment)**

43. Rodriguez re-alleges and incorporates by reference all preceding paragraphs as if they were set forth fully herein.

44. Rodriguez seeks and is entitled to recover his personal property and damages for defendants' breach of bailment.

## PRAYER FOR RELIEF

Rodriguez respectfully requests that this Court grant him the relief to which he is entitled and:

(a) enter judgment declaring that defendants willfully violated the FLSA;

(b) award Rodriguez the minimum wages he is owed under the FLSA;

(c) award Rodriguez liquidated damages pursuant to the FLSA;

(d) enter judgment declaring that defendants willfully violated the NYLL;

(e) award Rodriguez minimum wages owed pursuant to NYLL;

(f) award Rodriguez liquidated damages pursuant to NYLL;

 **(g)** award Rodriguez damages and penalties for defendants' violations of the notice and recordkeeping provisions of NYLL;

 **(h)** order defendants to return to Rodriguez his personal property, or, alternatively, award Rodriguez damages for the loss of his property;

 **(i)** award Rodriguez attorneys' fees and costs pursuant to 29 U.S.C. § 216;

 **(j)** award Rodriguez attorneys' fees and costs pursuant to NYLL § 198;

 **(k)** award Rodriguez pre- and post-judgment interest as provided by law; and

 **(l)** grant such other relief that is just and proper.

Dated: New York, New York  
   July 10, 2019

Respectfully submitted,

EISNER & DICTOR, P.C.  
*Attorneys for Plaintiff*

By: _____  
Thomas J. Lamadrid  
39 Broadway, Suite 1540  
New York, New York 10006  
thomas@eisnerdictor.com  
T: (212) 473-8700  
F: (212) 473-8705