# EISNER & DICTOR, P.C.
ATTORNEYS AT LAW

39 BROADWAY, SUITE 1540
NEW YORK, NEW YORK 10006

TELEPHONE: (212) 473-8700
FACSIMILE: (212) 473-8705

E-MAIL: office@eisnerdictor.com
INTERNET: www.eisnerdictor.com

EUGENE G. EISNER
BENJAMIN N. DICTOR
THOMAS J. LAMADRID

OF COUNSEL
NATHANIEL K. CHARNY*
ROGER J. BERNSTEIN

*NY AND NJ BAR

December 18, 2019

**VIA ECF**

Hon. Steven M. Gold
United States Magistrate Judge
United States District Court
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

Re:   **Joint Motion for Settlement Approval**
Rodriguez v. 40-66 Ithaca St. Owners Corp
*et al.*, No. 1:19-cv-01006-MKB-SMG

Dear Judge Gold:

This office represents plaintiff Segundo Emilio Rodriguez in the above-referenced action, which arises under the Fair Labor Standards Act ("FLSA"). On behalf of all parties, I submit this joint motion for approval of the parties' executed Settlement Agreement (the "Agreement"), attached as Exhibit 1, as fair and reasonable pursuant to *Cheeks v. Freeport Pancake House, Inc.*, 769 F.3d 199 (2d Cir. 2015).

**Procedural History, Allegations, and Settlement Negotiations**

Plaintiff commenced this action on February 20, 2019, by the filing the Complaint. ECF Doc. # 1 ("Compl."). In his Complaint, plaintiff alleges that from about 2011 to on or about May 15, 2016, defendants jointly employed him to work as a porter for the 65-unit building at 40-66 Ithaca Street, Elmhurst, New York 11373, which is owned by defendant 40-66 Ithaca St. Owners Corp. and managed by defendant Pinnacle Group NY LLC d/b/a The Pinnacle Group. Compl. ¶ 1. Plaintiff alleged that defendant Joel Wiener was a principal of Pinnacle Group NY LLC. Compl. ¶ 8. Plaintiff alleges that he worked approximately 35 hours a week and that defendants failed to pay him any wages for any of the hours he worked. Compl. ¶ 1. Plaintiff further alleges that after he moved out, the defendants discarded his personal property that he had been stored at the building. Compl. ¶¶ 1, 23. In his Complaint, plaintiff claims failure to pay minimum wages under the FLSA and New York Labor Law ("NYLL"); failure to pay overtime under NYLL; prohibited wage deductions under NYLL; failure to provide wage statements under NYLL; failure to provide wage notices under NYLL; and breach of bailment under common law. Compl. ¶¶ 24-43.

**EISNER & DICTOR, P.C.**

Hon. Steven M. Gold
United States Magistrate Judge

Page | **2**

Re:  **Joint Motion for Settlement Approval**
Rodriguez v. 40-66 Ithaca St. Owners Corp
*et al.*, No. 1:19-cv-01006-MKB-SMG

On May 6, 2019, defendants filed an Answer, generally denying plaintiff's allegations. ECF Doc. # 20. On June 24, 2019, plaintiff served defendant with his initial disclosures. On June 26, 2019, the parties participated in an initial conference before Your Honor, following which a case management plan was entered. ECF Doc. # 22. On June 27, 2019, defendants served plaintiff with their initial disclosures. On July 10, 2019, plaintiff filed his First Amended Complaint, which added defendant Tal Sharon, alleging that Mr. Sharon managed plaintiff and the building at which plaintiff worked. ECF Doc. # 23 at ¶ 9. On July 24, 2019, defendants filed an Answer to First Amended Complaint, generally denying the allegations. ECF Doc. # 28.

Defendants argue that they did not employ plaintiff; rather, defendants argue, the superintendent of the building met plaintiff through a church and permitted plaintiff to live at the building out charity because plaintiff was homeless at the time. Defendants argue that any work plaintiff performed at the building was *de minimis*, consisting of occasional sweeping as an expression of gratitude to the superintendent. Plaintiff argues that he worked significant hours (about 35 hours a week) and that defendants were aware that he was working at the building. As discussed at the initial conference before Your Honor, the parties sought to engage in settlement negotiations early on, acknowledging that defendants' resources would be better spent in a settlement than in discovery. In addition, the parties did not believe there would be significant need for document discovery, as defendants do not have any pay or time records for plaintiff, particularly given their position that plaintiff was not employed by them.

On or about July 31, 2019, plaintiff demanded $100,000 to resolve his claims. On or about August 1, 2019, Defendants responded with a counteroffer of $12,000. Thereafter, plaintiff was reluctant to counter Defendants' offer, and Defendants were reluctant to negotiate against themselves. Counsel for Defendants and I discussed the issue. Thereafter, the parties considered the utility of a settlement conference before Your Honor to get through the stalled negotiations, and on September 13, 2019, the parties requested a settlement conference before Your Honor. ECF Doc. # 29.

On November 20, 2019, the parties and their counsel participated in a settlement conference before Your Honor where the parties were confronted with the strengths and weaknesses of the action. Prior to the settlement conference, the parties submitted *ex parte* pre-mediation statements to Your Honor. Plaintiff attended the settlement conference, as did Mr. Wiener as representative for defendants. Arlenys Luciano, a legal assistant of my office, attended the settlement conference as well to act as a simultaneous Spanish interpreter during the conference for plaintiff's benefit. With the aid of Your Honor, the parties agreed in principle to resolve the action for a total settlement payment of $30,000, inclusive of attorney's fees and costs, and the parties proceeded to draft a final Agreement.

# EISNER & DICTOR, P.C.

Hon. Steven M. Gold
United States Magistrate Judge

Page | **3**

        Re:    **Joint Motion for Settlement Approval**
                  Rodriguez v. 40-66 Ithaca St. Owners Corp
                  *et al.*, No. 1:19-cv-01006-MKB-SMG

**Reasonableness of the Settlement Agreement**

The final Agreement, attached as Exhibit 1, having now been executed by all parties, the parties submit it for the Court's approval as fair and reasonable. *See Cheeks v. Freeport Pancake House*, 796 F.3d 199 (2d Cir. 2015). In determining whether the Agreement is fair and reasonable, courts consider the totality of the circumstances, including but not limited to the following factors: (1) the plaintiff's range of possible recovery; (2) the extent to which the settlement will enable the parties to avoid anticipated burdens and expenses in establishing their respective claims and defenses; (3) the seriousness of the litigation risks faced by the party; (4) whether the settlement agreement is the product of arm's-length bargaining between experienced counsel; and (5) the possibility of fraud or collusion. *See Wolinsky v. Scholastic Inc.*, 900 F. Supp. 2d 332, 335 (S.D.N.Y. 2012).

Under the terms of the Agreement, Defendants will pay plaintiff a total of $30,000 within twenty-five (25) days of execution of the Agreement. Ex. 1 at ¶ 2.1. The payment is to be made in two checks: one made payable to "Eisner & Dictor, P.C." in the amount of $7,500 as costs and attorney's fees, and one made payable to "Segundo Emilio Rodriguez" in the amount of $22,500. *Id.* The payment to plaintiff is to be reported on an IRS Form W-9. The parties submit that this is appropriate given that defendants deny that they ever employed plaintiff.

The release provided by plaintiff in exchange for the promised payments is limited to claims that have been or could have been asserted in this action. Ex. 1 at ¶ 3. Under the Agreement plaintiff waives any right to re-employment that he may have and agrees not to apply to Pinnacle for employment. Ex. 1 at ¶ 5.3. The Agreement does not contain a non-disparagement or confidentiality clause.

Plaintiff faces a large range of possible recovery. At the upper limit of exposure, defendants could be held liable for up to $48,203.75 in wages under the FLSA and NYLL if a factfinder determines that plaintiff was employed by defendants and that plaintiff worked 35 hours a week. Plaintiff could also recover damages for his lost property on his breach of bailment claim. On the lower end, plaintiff could recover nothing or substantially less if a factfinder were to find that plaintiff was not employed by defendants or that plaintiff's work was *de minimis*.

The Agreement allows plaintiff to avoid these risks of recovery while still securing a portion of the wages he alleges he is owed. Under the Agreement, plaintiff will receive $22,500. Ex. 1 at ¶ 2.1.

In addition to permitting the parties to avoid uncertain recovery, the Agreement permits the parties to avoid burden and expenses they would face in establishing their respective claims. In particular,

# EISNER & DICTOR, P.C.

Hon. Steven M. Gold
United States Magistrate Judge

Page | 4

                                                Re:    **Joint Motion for Settlement Approval**
                                                            Rodriguez v. 40-66 Ithaca St. Owners Corp
                                                            *et al.*, No. 1:19-cv-01006-MKB-SMG

plaintiff would have to undergo a deposition and be challenged on his allegations. The attorney's fees and costs of discovery and litigation is likely to drain resources from defendants that would otherwise be available for settlement. The Agreement permits those resources to be paid to plaintiff instead. The Agreement is the result of arm's-length bargaining between experienced counsel. In addition, the agreement in principle was arrived at through a settlement conference with the assistance of Your Honor. There has been no fraud or collusion.

Under the terms of the written retainer between plaintiff and Eisner & Dictor, P.C., Eisner & Dictor, P.C.'s representation of plaintiff is on a contingency fee basis of 33.33% of *gross* recovery, with plaintiff further responsible for costs. Under the Agreement, however, the attorney's fees paid to Eisner & Dictor, P.C., is 22.58% of gross recovery (and 23.14% of net recovery). Eisner & Dictor, P.C. has chosen this reduced contingency fee in recognition of plaintiff's unique circumstances (*i.e.*, currently living in a homeless shelter), as well as the somewhat limited work that was required to get the case to settlement. Under the Agreement, the total payment to Eisner & Dictor, P.C. is $7,500 and is inclusive of costs. The costs incurred by Eisner & Dictor, P.C. in this case to date are $725.45, comprised of the filing fee, service of process fees, postage, copying costs, travel costs for plaintiff to attend the settlement conference and a meeting with me, and lunch for plaintiff before attending the settlement conference. An itemized list of the costs is attached as Exhibit 2. After accounting for costs, the attorneys' fees are $6,774.55.

Plaintiff has been represented by Eisner & Dictor, P.C. (formerly Eisner & Associates, P.C., Eisner & Mirer, P.C.), which is a boutique firm that almost exclusively practices Plaintiff-side employment and union-side labor law. I served as the lead attorney on this matter. I acted as the I began working with Eisner & Associates, P.C. as a law clerk in 2013 until my admission to the New York State Bar in June of 2015, at which time I became an associate. I graduated from New York University School of Law in 2014. Since my admission to the bar, I have represented numerous Plaintiffs in numerous FLSA matters, and my practice as an attorney has focused on employment and labor matter. I frequently provide workers' rights trainings for non-profits and have participated on a panel for the Low Wage Worker Task Force. In 2018, I became a partner of the firm. I am a native Spanish speaker, permitting me to communicate with plaintiff, whose primary language is Spanish, without the need of an interpreter. Arlenys Luciano, also a native Spanish speaker, has worked as a legal assistant for Eisner & Dictor, P.C. since January 2019. Ms. Luciano holds an Associate in Arts degree with a major in paralegal studies and is currently completing a bachelor's degree at the New York City College of Technology with a major in legal assistance studies. Prior to working for Eisner & Dictor, P.C., Ms. Luciano worked as a licensed Medicare representative, and, before that, she worked for many years as a relationship banker and small business specialist at J.P. Morgan Chase.

# EISNER & DICTOR, P.C.

Hon. Steven M. Gold
United States Magistrate Judge

Page | 5

                          Re:    **Joint Motion for Settlement Approval**
                                    Rodriguez v. 40-66 Ithaca St. Owners Corp
                                    *et al.*, No. 1:19-cv-01006-MKB-SMG

Plaintiff's counsel respectfully submits that the requested fees are reasonable as a percentage of recovery. Attorneys' fees of about 33⅓% of gross recovery have been approved for Eisner & Dictor, P.C. in FLSA matters in this District. *See, e.g., Aguilar v. Mangal Kebab*, 16-CV-5748-RLM (R. Mann, 2017); *Gacevic v. 1485 East Sixteenth Owners Corp.*, 1:16-cv-03696-VMS (V. Scanlon, 2017); *Tankamash v. Corato I Pizza & Restaurant Corp.* et al., 1:15-cv-06093-RML (R. Levy, 2017); *Diaz et al v. Waverly Meat & Grocery Inc. et al* (M. Go, 2015). (finding a one-third contingency fee appropriate for Eisner & Associates even where the contingency amount was "somewhat higher" than the loadstar amount); *see also Lecon v. Bayfruit Corp.* et al., 1:16-cv-00877-RML (R. Levy, 2016) (approving 33 ⅓% of *net* recovery). Similarly, attorneys' fees of about 33⅓% of gross recovery have been approved for this firm in FLSA matters in the Eastern District of New York. *See, e.g., deRodriguez v. Lenox & 132nd Food Corp.*, 17-cv-02439-JLC (J. Cott, Apr. 17, 2018) (approving attorneys' fees of 29.11% of net recovery, which were almost twice the lodestar); *Redzepagic v. Hammer*, 14-CV-9808-ER-GWG, 2017 WL 1951865 (S.D.N.Y. May 8, 2017); *Corea v. Phoenix Signs 79 Inc.*, 15-CV-04686-RLE (R. Ellis, 2016); *Grande v. 935 8th Avenue Bakery Corp. et al.*, 13-CV-09241 (P. Castel, 2015); *Hernandez et al v. 15 West 47 St. LLC et al.*, 15-CV-00223 (K. Forrest, 2015); *Armenta et al v. Dirty Bird Group LLC.*, 13-CV-04603 (W. Pauley, 2014) (where the 33⅓% contingency fee proposed was in excess of the loadstar); *Camacho et al v. 48 Rockefeller Corp et al,* 14-CV-09394 (P. Castel, 2015).

In addition, the attorneys' fees under the Agreement are reasonable when compared with the lodestar amount, calculated at $8,947.50. The lodestar amount was calculated using an hourly rate of $350 for my time and an hourly rate of $75 for Ms. Luciano's time. Hourly rates between $200 and $450 for partners and between $70 and $100 for paralegals have been found reasonable in wage and hour litigation in this District. *See Hall v. ProSource Technologies, LLC*, 14-CV-2502-SIL, 2016 WL 1555128, at *12 (E.D.N.Y. April 11, 2016) ("Courts in the Eastern District of New York award hourly rates ranging from $200 to $450 per hour for partners, $100 to $300 per hour for associates and $70 to $100 per hour for paralegals."); *Trustees of Empire State Carpenters Annuity, Apprenticeship, Labor-Mgmt. Coop., Pension & Welfare Funds*, Nos. 13-6364 (ADS)(GRB), 14-325(ADS)(GRB), 14-2893(JS)(GRB), 2015 WL 968125, at *10 (E.D.N.Y. Feb. 27, 2015) (finding that rates of $100 to $295 per hour for associates and up to $90 per hour for paralegals were reasonable); *see also Garmeroo v. Koodo Sushi Corp.*, 328 F.Supp.3d 165 (S.D.N.Y. 2018) (awarding $250 to an associate with minimal experience in wage and hour law). Plaintiffs respectfully submit that the rates and times used in the lodestar are reasonable.

For these reasons, the parties respectfully submit that the Agreement is fair and reasonable and should be approved. Thank you for your consideration in this matter.

# EISNER & DICTOR, P.C.

Hon. Steven M. Gold
United States Magistrate Judge

Page | 6

                Re:    **Joint Motion for Settlement Approval**
                        Rodriguez v. 40-66 Ithaca St. Owners Corp
                        *et al.*, No. 1:19-cv-01006-MKB-SMG

Respectfully submitted,

Thomas J. Lamadrid

cc:    All Counsel of Record
        *Via ECF*